UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERCY LEE JOHNSON                                    CIVIL ACTION

VERSUS                                              NUMBER: 14-0902

ROBERT TANNER, ET AL.                               SECTION: "R"(5)

## ORDER AND REASONS

Presently before the Court in this proceeding, which comes before the undersigned upon the consent of the parties pursuant to 28 U.S.C. §636(c),[1] is the motion to dismiss or, alternatively, motion for summary judgment of Defendants, Warden Robert Tanner and Dr. Casey McVea of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Plaintiff has filed no memorandum in opposition to Defendants' motion.[2] For the reasons that follow, it is ordered that Defendants' motion is granted and that Plaintiff's suit is dismissed without prejudice.

Plaintiff, Percy Lee Johnson, proceeding *pro se*, is an inmate of RCC. He initiated the above-captioned 42 U.S.C. §1983 proceeding against Warden Tanner and Dr. McVea challenging the adequacy of the medical care he has received at RCC for treatment of high blood pressure and disciplinary action that has been taken against him for complaining about that alleged inadequacy. (Rec. doc. 1). In answer to question No. II(B) of the standardized §1983 complaint form that he signed under penalty of perjury, Plaintiff

---

[1] *See* rec. doc. 33.

[2] As Plaintiff has filed no memorandum in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

provided a positive response to the inquiry asking whether he had presented the facts surrounding his claims to the prisoner grievance procedures in place at RCC. (*Id.* at p. 2). In the first subpart of the question that followed, No. II(C)(1), Plaintiff was first instructed that if his answer to the previous question was in the affirmative, he was to attach to his complaint a copy of all administrative complaints he had filed regarding the claims raised in this lawsuit, as well as prison officials' responses thereto or, if no such copies were available, to provide the numbers assigned to the complaint(s) and the approximate date(s) of their presentation. (*Id.*).

Attached to Plaintiff's complaint are copies of a number of communications between himself and RCC officials. The first is a memo to Plaintiff dated March 4, 2013 from Dr. McVea in answer to a sick call response form that Plaintiff had submitted. (Rec. doc. 1, p. 19). Next are two memos to Plaintiff from the Director of Nursing that were apparently in response to letters Plaintiff had written to her regarding the frequency of blood-pressure checks and the dispensing of medication. (*Id.* at pp. 20, 22). Following those memos are a number of Healthcare Request Forms which are almost entirely unreadable. (*Id.* at pp. 23-37). Finally, after the memos are Disciplinary Reports documenting incidents that occurred on November 17, 2013 and April 2, 2014 when Plaintiff was cited for malingering. (*Id.* at pp. 38, 39). However, nowhere in the attachments to Plaintiff's complaint were there any grievances or responses from prison officials. Question No. II(C)(2) of Plaintiff's complaint, which asked whether he had fully exhausted all administrative remedies with respect to the administrative complaints he had provided or identified in answer to question No. II(C)(1), was left unanswered by him. (*Id.* at p. 2).

Even though Plaintiff had already indicated in answer to question No. II(B) that he had initiated prison administrative remedy procedures with respect to the allegations presented in his complaint, he nevertheless proceeded to answer question No. II(D), which asked him to provide the reasons why he had <u>not</u> done so.  (Rec. doc. 1, p. 2).  There, Plaintiff explained that he had not pursued administrative remedies "[b]ecause the complaint is urgent and can not wait.  I am in imminent physical danger.  It is highly likely I suffer irreparable injury loss or even death if the defendants continue in their inequities." *Id.*

By way of their present motion, the Defendants seek the dismissal of Plaintiff's Eighth Amendment claim respecting the adequacy of the medical care that he has received at RCC.  Alternatively, the Defendants move that this matter be dismissed based upon Plaintiff's failure to exhaust available administrative remedy procedures ("ARP").  In support of their motion, Defendants provide the Court with the affidavit of Cynthia Crain, the Executive Staff Officer at RCC, whose duties include the maintenance of ARP records at that institution.  (Rec. doc. 31-3).  As noted above, Plaintiff has filed no memorandum in opposition to Defendants' motion, as a result of which the matters set forth in the Crain affidavit remain unassailed.

Under Rule 56(c), Fed.R.Civ.P., summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).  Although all inferences drawn from the evidence are to be resolved in the non-movant's favor, he may not rest on the mere allegations or denials in his pleadings.  *Spellman v. Shalala*, 1 F. 3d 357, 360 (5th Cir. 1993).  Once a properly supported motion for summary judgment is made, the burden

shifts to the non-movant who bears the burden of proof at trial to show with "'significant probative' evidence" that there exists a triable factual issue. *Kansa Reinsurance v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1371 (5th Cir. 1994)(quoting *In re: Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982)). That burden is not satisfied by ". . . 'some metaphysical doubt as to the material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' . . . or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(citations omitted). Rather, the non-movant ". . . must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case; naked assertions of an actual dispute will not suffice." *Matter of Lewisville Properties, Inc.*, 849 F.2d 946, 950 (5th Cir. 1998). The insufficiency of the proof must be such that it would prevent a rational finder of fact from finding for the non-moving party. *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272-73 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152 (1987).

The Fifth Circuit has characterized exhaustion of prison administrative remedies as a "threshold issue" that must be addressed to ". . . to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Under 42 U.S.C. §1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit. That statute, which was enacted in 1996 as part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether they involve

4

general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)).  Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient.  *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).  Exhaustion of administrative remedies is essentially a condition precedent to bringing suit.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  "Pre-filing exhaustion is mandatory, and the case <u>must</u> be dismissed if available administrative remedies were not exhausted."  *Id.* (emphasis added).

As RCC is a correctional facility under the auspices of the Louisiana Department of Corrections, the inmates who are housed there are required to follow a two-step process prior to filing suit.  LSA-R.S. 15:1172.  At the first step, the inmate initiates the process by submitting a letter ("grievance") to the warden briefly setting out the basis for his claim and the relief sought within 90 days of the alleged event or incident complained of.  *Campfield v. Tanner*, No. 10-CV-1151, 2011 WL 4368723 at *2 (E.D. La. Aug. 16, 2011), *adopted with modification*, 2011 WL 4368842 (E.D. La. Sept. 19, 2011); *Francois v. Rigdon*, No. 09-CV-4505, 2009 WL 4891828 at *3 (E.D. La. Dec. 9, 2009).  The warden then has 40 days within which to respond to the grievance.  (*Id.*).  If the warden does not respond within that time frame or if he does so but the inmate is dissatisfied with the response, the inmate may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections.  *Id.*  The Secretary has 45 days to respond to that request for review.  *Id.*

5

As detailed in the supporting affidavit of Cynthia Crane, every ARP that is filed at RCC is assigned a number and is duly documented in an ARP computer database. Included in the information that is inputted in the database is the ARP number; a short gist of the complaint; the dates the ARP is received for processing and is accepted or rejected; and the date of the first step response, the date the inmate proceeds to the second step, and the date of the second step response. Only after the second step response date is inputted into the computer database are ARP remedies said to be fully exhausted. That fact is of some significance as inmates are allowed to proceed with only one ARP at a time and only after a second step response date is inputted in the computer database are later-filed, backlogged ARPs processed. (Rec. doc. 31-3).

Crain further attests in her affidavit that the database is searchable by offender number and ARP number and that paper files containing the original ARP, the responses thereto, and all related materials are maintained by her as part of her duties as Executive Staff Officer. (Rec. doc. 31-3). Having personally examined the ARP filing records pertaining to Plaintiff, Crain states in her affidavit that he failed to complete the two-step process on any ARP in which he complained about the adequacy of his medical treatment prior to April 14, 2014, the date that he signed his complaint. On April 28, 2014, Johnson fully exhausted administrative remedies involving ARP No. RCC-2013-801; however, that grievance involved complaints about a sergeant and a nurse and had nothing to do with Warden Tanner or Dr. McVea. Although Plaintiff had submitted another ARP, No. RCC-2014-73, on February 5, 2014 complaining of medical care, he voluntarily withdrew that grievance before receiving a first step response by submitting a request to do so that was personally received by Ms. Crain on March 24, 2014. (*Id.*).

Thus, as established by the affidavit of Ms. Crain, the accuracy of which has gone unchallenged by Plaintiff, he has not fully and properly exhausted available administrative remedies with respect to the allegations set forth in his complaint.  "When a prisoner fails to exhaust his administrative remedies prior to filing suit without a valid excuse, a court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies."  *Guy*, 2015 WL 65303 at *9 (citing *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)); *Esteen v. LeBlanc*, No. 13-CV-5419, 2014 WL 6774079 (E.D. La. Dec. 2, 2014)(dismissal without prejudice); *Francois*, 2009 WL 4891828 (same).  In light of these authorities, it is ordered that Defendants' motion be granted and that Plaintiff's suit is dismissed without prejudice.  Judgment will be entered accordingly.

New Orleans, Louisiana, this 10th day of _____ June _____, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

7